# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS C. HISLE,<br><br>            Plaintiff,<br><br>    v.<br><br>MARLYN CONANAN,<br><br>            Defendant. | Case No. 1:21-cv-001680-ADA-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE DENIED<br><br>(ECF No. 22) |

Dennis C. Hisle (Plaintiff), a state prisoner, is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently before the Court is Defendant's motion to dismiss, filed September 2, 2022.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendant Marlyn Conanan for deliberate indifference in violation of the Eighth Amendment.

On September 2, 2022, Defendant filed the instant motion to dismiss. (ECF No. 22.) On September 28, 2022, Plaintiff filed an opposition, and Defendant filed a reply on October 12, 2022. (ECF Nos. 23, 24.)

///

///

///

## II.

## APPLICABLE LAW

A motion filed under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Because Plaintiff is a pro se litigant, his pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe pro se pleadings liberally, Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc), however, a liberal interpretation of a pro se complaint does not require the court to supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

## III.

## DISCUSSION

This case is proceeding on Plaintiff's claim for deliberate indifference against Defendant Marlyn Conanan for falsification of medical records, failure to provide Plaintiff a lay-in, and failure to urgently refer Plaintiff to a pulmonologist. (ECF No. 6 at 4.)

In her motion, Defendant argues that the claim asserted in this action are barred by the doctrine of res judicata based on the holding in Hisle v. Conanan, 1:17-cv-01400-NONE-SAB (PC).

In his opposition, Plaintiff argues there is no claim preclusion because there was no final adjudication on the merits in his prior case because the claim was dismissed, without prejudice, for failure to exhaust the administrative remedies.

In her reply, Defendant concedes that the claim in this action is not barred by the doctrine of res judicata, but continues to argue that the claim fails to give rise to a cognizable constitutional violation. (ECF No. 24 at 2-4.)

**A.     Allegations of Complaint**

In the operative complaint, Plaintiff alleges the following:

Dr. Maryln Conanan admitted plaintiff Hisle suffered a serious physical injury that required serious medical need. And despite that professional knowledge that plaintiff Hisle required rest to prevent further injury as well as heal from his rib fractures, Dr. Conanan failed to ensure plaintiff Hisle received an activity modification/lay in order to prevent further injury and allow healing.

Dr. Conanan's deliberate indifference to plaintiff's needs caused greater significant injury leading to acute internal bleeding, development of pleural hematoma, lung colla[ps]e, and the need for invasive lung surgery.

Dr. Conanan's inaction caused cr[uel] and unusual punishment and excruciating pain and permanent chronic resp[ira]tory cough with exhaustion.

Dr. Conanan, on or about 5-12-2016, having full knowledge from her prof[]essional opinion, that plaintiff Hisle, a patient in her care required rest to heal from three broken ribs did the total opposite and prescribed patient Hisle was functional on the yard.

Dr. Conanan intentionally subjected patient Hisle to cruel and unusual punishment was deliberate indifferent to patient Hisle's medical needs causing great pain and suffering. Dr. Conanan admitted her professional opinion was plaintiff Hisle need rest, but she prescribed with wanton disregard that patient Hisle was functional on the yard.

This callous act by Dr. Conanan prevented plaintiff Hisle from securing any rest on his own beha[lf].

Dr. Conanan failed to make urgent referral to pulmonologist for intervention.

Dr. Conanan swore to statements of fact eg (medical records, declarations, requests for admission, inter[r]ogatories, sum J. mot.) supported by false PCP notes, perjured statements and misrepresentation of facts and evidence. Dr. Conanan's misconduct and machination caused inequitable due process, affecting fairness and the judicial rights of plaintiff Hisle. These duplicate actions caused damages effecting the genuine merit and credibility of plaintiff's material evidence. Dr. Conanan swore to providing activity mod/lay in to the plaintiff in her PCP notes on 5-5-16, request for admission and deposition. "All fraudulent evidence." Dr. Conanan swore to signing a request for urgent referral supported by false PCP note, total misrepresentation of facts and truth. Dr. Conanan swore plaintiff didn't suffer pneumonia or atelectasis under her care, a total perjured statement of fact the evidence shows.

(Compl. at 3-5, ECF No. 1.)

### B.  Screening Complaint

An initial matter, Plaintiff's complaint was screened on February 4, 2022, and the Court found that Plaintiff stated a cognizable claim against Defendant Marlyn Conanan for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  28 U.S.C. § 1915A; Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'") (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (section 1915(e)(2)(B)(ii) screening standard is the same as Rule 12(b)(6) standard).  Defendants fail to acknowledge the Court's screening order and present no arguments which persuade the Court it erred in determining that Plaintiff stated a cognizable claim or any other grounds justifying relief from the screening order exist.  See Ingle v. Circuit City, 408 F.3d 592, 594 (9th Cir. 2005) ("A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result.").  As explained below, Plaintiff's allegations are sufficient to allow him to proceed past the pleading stage.[1]

### C.  Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and

---

[1] Defense counsel is advised to exercise caution in filing future motions to dismiss after the Court has screened the complaint and found a cognizable claim without elaboration as to why or how the Court's screening order is incorrect.

4

1  wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately
2  indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of
3  mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow,
4  681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

5  "A difference of opinion between a physician and the prisoner – or between medical
6  professionals – concerning what medical care is appropriate does not amount to deliberate
7  indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989),
8  overruled in part on other grounds, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at 1122-23
9  (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986). Rather, Plaintiff "must show that
10 the course of treatment the doctors chose was medically unacceptable under the circumstances
11 and that the defendants chose this course in conscious disregard of an excessive risk to [his]
12 health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks
13 omitted).  ). In addition, "[m]edical malpractice does not become a constitutional violation
14 merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1977); Snow, 681
15 F.3d at 987-88, overruled in part on other grounds, Peralta v. Dillard, 744 F.3d at 1082-83;
16 Wilhelm, 680 F.3d at 1122.

17 Defendant argues "[a] plain reading of the compl[a]int demonstrates that Hisle's claim is
18 based on the alleged actions of Defendant during the litigation of Hisle I." (ECF No. 22 at 13.)
19 The Court does not agree as Defendant mischaracterizes Plaintiff's allegations. Based upon a
20 review of the operative complaint, Plaintiff alleges that after he suffered three broken ribs of
21 which Defendant Conanan acknowledged, Conanan failed to refer Plaintiff to a pulmonologist
22 and falsely claimed to provide Plaintiff lay in, yet later noted that Plaintiff was functional on the
23 yard which caused Plaintiff further pain and suffering. These allegations are sufficient to state
24 a claim, as the Court found on screening the complaint. See Merriman v. Ponder, No. 2:19-cv-
25 1446-WBS-CKD P, 2021 WL 973950, at *1 (E.D. Cal. Mar. 16, 2021) (to sustain a deliberate
26 indifference claim, it is sufficient to allege that defendant had knowledge of the inmate's serious
27 medical condition yet took no action to prevent further harm arising therefrom); Ortiz v. City of
28 Imperial, 884 F.2d 1312, 1313–14 (9th Cir. 1989) (reversing district court's grant of summary

1 judgment on ground that defendant's inaction could constitute deliberate indifference to serious
2 medical needs); ." McGuckin v. Smith, 974 F.2d 1050, 1060–61 (9th Cir. 1992) ("The fact that
3 [a] [defendant] sat idly by as another human being was seriously injured despite the defendant's
4 ability to prevent the injury is a strong indicium of callousness and deliberate indifference to the
5 [inmate's] suffering (citing Estelle, 429 U.S. at 106 (holding defendant's action or inaction could
6 be "sufficiently harmful to evidence deliberate indifference to serious medical needs")). While
7 Defendant argues that Plaintiff's claim revolve around the actions taken in Plaintiff's previous
8 case, Defendant overlooks the other allegations presented in the operative complaint. In
9 reviewing a Rule 12(b)(6) motion to dismiss, this Court must accept as true all facts alleged in
10 the complaint and draw all reasonable inferences in favor of the claimant. See Retail Prop. Trust
11 v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014). Accordingly,
12 based on the allegations in the complaint, the Court concludes that the complaint pleads facts
13 sufficient to establish Plaintiff's deliberate indifference claim.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant's motion to dismiss the complaint be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

///
///
///
///
///
///
///

Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 2, 2022**

UNITED STATES MAGISTRATE JUDGE