UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS C. HISLE,<br><br>         Plaintiff,<br><br>   v.<br><br>MARLYN CONANAN,<br><br>         Defendant. | No. 1:21-cv-01680-ADA-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT BE DENIED<br><br>(ECF No. 37) |

   Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

   Currently before the Court is Plaintiff's motion to amend, filed July 5, 2023. (ECF No. 37.)

**I.**

**RELEVANT BACKGROUND**

   This action is proceeding against Defendant Marlyn Conanan for deliberate difference for "falsification of medical records, failure to provide Plaintiff a lay in, and failure to urgently refer Plaintiff to a pulmonologist." (ECF No. 6 at 4:8-10.)

   Defendant filed an answer to the complaint on March 3, 2023. (ECF No. 29.)

///

///

1

On April 7, 2023, the Court issued the discovery and scheduling order setting the deadline to amend the pleadings as July 7, 2023 and the discovery deadline as December 7, 2023. (ECF No. 34.)

As stated above, Plaintiff filed a motion to amend the complaint on July 5, 2023, along with a proposed amended complaint which was lodged. (ECF Nos. 37, 38.) Defendant filed an opposition on July 19, 2023, and Plaintiff filed a reply on August 3, 2023. (ECF Nos. 41, 42.) On October 11, 2023, Defendant filed a surreply as ordered by the Court. (ECF No. 44.)

## II.

## LEGAL STANDARD

The Court issued a pre-trial discovery and scheduling order and Defendant filed an answer to the complaint. Thus, both Rules 16 and 15 of the Federal Rules of Civil Procedure apply to analyzing the instant motion. See Johnson v. Mammouth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)(noting once the district court issues a scheduling order, Rule 16 requires the party seeking to amend to show "good cause" for the amendment and once that is found then the party must demonstrate that amendment is proper under Rule 15)(citing Financial Holding Corp. v. Garnac Grain Co., 127 F.R.D. 165, 166 (W.D. Mo. 1989)(same)).

Under Rule 16, "good cause" primarily considers the party's diligence in seeking amendment. Johnson, 975 F.2d at 609. Plaintiff sought leave to amend before the deadline set forth in the scheduling order expired. Because Plaintiff's motion was filed within the time permitted under the scheduling order, the Court finds good cause under Rule 16. Thus, the undersigned turns to analyze whether amendment is permitted under Rule 15(a)(2).

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Leave to amend should be denied if amendment: (1) would cause prejudice to the opposing party; (2) is sought in bad faith; (3) would create undue delay, or (4) is futile. Chudacoff v. Univ. Med. Ctr. of S. Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011)(citations omitted); see also Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991)(noting a "district court does not err in denying leave to amend where the amendment would be futile."); Moore v. Kayport Package

Express, 885 F.2d 531, 538 (9th Cir. 1989). A "district court does not err in denying leave to amend where the amendment would be futile." Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991). The burden to demonstrate prejudice falls on the party opposing amendment. DCD Programs, Lt.d v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) is in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

"[A p]laintiff may not change the nature of [a] suit by adding new, unrelated claims in [an] amended complaint." Evans v. Neuhring, No. 2:09-cv-00292 TLN AC, 2006 WL 7159246, at *2 (E.D. Cal. Dec. 7, 2016) (internal citations omitted). "Unrelated claims that involve difference defendants must be brought in separate lawsuits." Id.

Futility alone may be grounds for denying leave to amend. Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998); DCD Progams, Ltd v. Leighton, 833 F.2d 183, 188 (9th Cir. 1987) (quoting Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)).

### III.
### DISCUSSION

Plaintiff seeks to amend the complaint to add a Defendant, N. Voss, and retaliation claims against Dr. Conanan and Voss related to medical record request issues.

Defendant opposes Plaintiff's amendment based on prejudice and futility as barred by statute of limitations and failure to state a cognizable retaliation claim.

**A.     Prejudice to Defendant**

This action is proceeding is proceeding against Defendant Dr. Conanan for "falsification of medical records, failure to provide Plaintiff a lay in, and failure to urgently refer Plaintiff to a pulmonologist," which took place in 2016. (ECF No. 6 at 4:8-10.) More specifically, Plaintiff alleges that after he suffered three broken ribs of which Defendant Conanan acknowledged, Conanan failed to refer Plaintiff to a pulmonologist and falsely claimed to provide Plaintiff a lay in, yet later noted that Plaintiff was functional on the yard which caused Plaintiff further pain and

3

suffering.  (ECF No. 1 at 3-5.)

In the proffered complaint, Plaintiff alleges that Voss retaliated against him by transferring him to another facility following an argument regarding his medical records in 2018. (ECF No. 38 at 8:20-24.)  However, Voss has not connection to the medical treatment provided by Dr. Conanan as set forth in the initial complaint because the claim is different, the incident took place at a different facility, the timeframe is different, and the claims have no related facts. Thus, amendment is not appropriate.  Evans v. Neuhring, 2006 WL 7159246, at *2.

Plaintiff argues that the failure to be provided the medical records caused him to lose his prior case Hisle v. Conanan, No. 1:17-cv-01400-DAD-SAB (PC), but the issues in the instant case are not related to the previous case and Plaintiff cannot re-litigate that case or convert a discovery issue into another action.  In Plaintiff's prior case, the Court determined that Dr. Conanan was not deliberately indifferent to Plaintiff's medical needs in May 2016.  (Case No. 1:17-cv-01400-DAD-SAB (PC), ECF No. 166).  However, the Court found that it could not rule on Plaintiff's allegations regarding the need to see a pulmonologist because those claims had been previously dismissed as unexhausted.  (Id.)  This case is proceeding on Plaintiff's deliberate indifference claim against Dr. Conanan in May 2016 which were dismissed in the prior case. Plaintiff is attempting to re-litigate issues regarding his medical records which are not relevant in this case.[1]  Although the Court referenced falsification of records in the screening order as related to the Eighth Amendment claim, allegations of falsification of medical records only serves as evidence regarding the underlying deliberate indifference claim and is not an independent cause of action.  See Crisp v. Wasco State Prison, No. 13-01899-SKO (PC), 2015 WL 3486950, at *5 (E.D. Cal. June 2, 2015) ("While falsification or alteration of medical records may supply facts relevant to an Eighth Amendment claim of deliberate indifference to serious medical needs, Plaintiff has no independent claim for relief under the Eighth Amendment for "denial of accurate

---

[1] To this end, Plaintiff refers to discovery that he served in this action and contends that "still to this day … [Conanan] has not provided me the lay-in document." (ECF No. 42 at 7.) Defendant submits that in her responses, she stated that, "based on her pattern and practice she believes that she ordered and created a lay-in order, but, to date that document has not been located." (ECF No. 44 at 3, n. 1.) Such statement does not evidence fraud or contract any prior position taken by Conanan regarding this contention.

medical records.") (citations omitted). Thus, Plaintiff's allegations regarding the medical records issues in relation to Voss are not related to the medical indifference claim against Dr. Conanan and it is a separate claim regarding alleged retaliatory conduct.[2] Consequently, if Dr. Conanan is required to litigate unrelated claims brought against Voss, she will suffer prejudice. This case has been pending since November 2021, and the discovery and scheduling order has issued. Discovery in this case commenced in April 2023, and although the deadline is currently stayed pending ruling on the instant motion, the discovery has been limited to Plaintiff's medical deliberate indifference claim. Discovery relevant to Plaintiff's retaliation claims would require the parties to essentially start anew.

In addition to the evidence to support each of the claims being different, there is real possibility of juror confusion if these unrelated issues were tired together. The trial court would be forced to sever these claims to avoid the serious risk that the jury might consider evidence or events related to Voss. Thus, in addition to any prejudice due to the delay caused by reopening discovery for these new and unrelated claims, Defendant is likely to suffer prejudice due to jury confusion. Accordingly, Plaintiff's motion to amend should be denied as it would prejudice Defendant Conanan.

**B.     Futility-Statute of Limitations Bar**

Actions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury action. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). The statute of limitations for civil actions filed in California is two years pursuant to California Civil Procedure Code Section 335.1, which is applicable to section 1983 actions. Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004). However, the statute of limitations can be tolled for various reasons, including statutory and equitable tolling.

---

[2] The Federal Rules of Civil Procedure permit persons to be joined as defendants if the "right to relief asserted against them" arises out of "the same transaction, occurrence, or series of transactions or occurrences" and involves a common question of law or fact as to all defendants in the action. Fed. R. Civ. P. 20(a)(2); Desert Empire Bank v. Insurance Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir.1980). The pleading rules do not permit a conglomeration of unrelated claims against unrelated defendants in a single lawsuit. Unrelated claims must be filed in separate lawsuits. K'napp v. California Dept. of Corrections, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), aff'd sub nom K'napp v. California Dept. of Corrections & Rehabilitation, 599 Fed. Appx. 791 (9th Cir. 2015) (alteration in original) (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)).

Whether a plaintiff is entitled to statutory or equitable tolling is determined by California law, except to the extent that California laws are inconsistent with federal law. Jones, 393 F.3d at 927. California law provides for the statutory tolling for the disability of imprisonment for up to two years when the plaintiff is imprisoned for less than a life term. Cal. Civ. Code § 352.1. On the other hand, equitable tolling "operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Jones, 393 F.3d at 928 (quoting Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003)) (internal quotation marks omitted).

"Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic: 'It has long been settled in this and other jurisdictions that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding.' " McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 101 (2008) (quoting Elkins v. Derby, 12 Cal. 3d 410, 414 (1974)); see also Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.").

"The burden of alleging facts which would give rise to tolling falls upon the plaintiff." Hinton Pacific Enterprises, 5 F.3d 391, 395 (9th Cir. 1993). However, equitable tolling need not be explicitly pleaded. Rather, a complaint must provide sufficient assertions to show tolling:

> Our court of appeals has addressed equitable tolling, and in doing so, stated that "[a] motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206–07 (9th Cir. 1995). "It is not necessary that the complaint explicitly plead equitable tolling," if "facts are alleged suggesting the applicability of equitable tolling to suspend the running of the statute [of limitations]." Audio Marketing Services, S.A.S. v. Monster Cable Products, Inc., C 12–04760 WHA, 2013 WL 633202, *6 (N.D. Cal. Feb. 20, 2013).

Biotechnology Value Fund, L.P. v. Celera Corp., 12 F. Supp. 3d 1194, 1206 (N.D. Cal. 2013) (emphases omitted and parentheticals accordingly changed).

///

6

"Generally, the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006); accord Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993) ("California's fact-intensive test for equitable tolling is more appropriately applied at the summary judgment or trial stage of litigation.").

In addition to tolling principles, the date a claim accrues may also affect the timeliness of the claim. "Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." Morales v. City of Los Angeles, 214 F.3d 1151, 1153–54 (9th Cir. 2000). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

      1.     Defendant Voss

With regard to Voss, Plaintiff alleges that the underlying retaliatory conduct occurred in February 2018. These events occurred approximately five-and-a-half years before the proffered complaint was lodged. Plaintiff argues that this claim relates back to the filing of the instant action on November 9, 2021, and Voss had "plenty" of notice of the claim. (ECF No. 42 at 4.) Plaintiff has failed to demonstrate that the claims against Defendant Voss relate back to the original complaint filed in this action.

According to Plaintiff's opposition, he filed a grievance alleging that Voss obstructed his access to medical records on June 7, 2017. (ECF No. 42 at 24.) Contrary to the allegations in the amended complaint that Voss transferred him in 2018, the attached grievance indicates that Susan Gabler allegedly transferred him before October 2017, and the issues with Voss did not occur in 2018. (ECF No. 42 at 27.) Thus, it is clear at the time he filed the grievance in June 2017, he was aware of the alleged obstruction and aware of the transfer no later than October 2017. Plaintiff's administrative remedies were exhausted for this issue on February 9, 2018. (Id. at 22.) The statute of limitations is therefore tolled from the date of filing the grievance to the date of the final response. Elkins v. Derby, 12 Cal. 3d 410, 414, 115 Cal.Rptr. 641, 525 P.2d 81 (1974)

1    ("[W]henever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil
2    action, the running of the limitations period is tolled during the time consumed by the
3    administrative proceeding." (citations omitted)).  Accordingly, tolling during exhaustion and
4    tolling an additional two year for incarcerated plaintiff's serving life with the possibility of parole,
5    Plaintiff had until February 9, 2022, to file his claim against Voss, but the proposed complaint
6    was not filed until July 5, 2023.  Plaintiff argues that Voss intentionally deceived him to conceal a
7    cause of action (ECF No. 42 at 6.)  However, it is clear that as of June 7, 2017, Plaintiff alleged
8    that Voss was intentionally obstructing his access to records-the claim he seeks to add to this
9    action.

10        Plaintiff also argues that his previous action against Conanan tolls the statute of
11   limitations.  However, the previous action did not involve Voss, did not involve retaliation
12   claims, and did not prevent Plaintiff from filing an action against Voss.  Irrespective of motion for
13   summary judgment filing or ruling in the prior action, for purposes of the statute of limitations the
14   issue is when Plaintiff became aware of his claims against Voss.  Thus, Plaintiff was not
15   prevented from bringing his retaliation claim against Voss years ago.  Indeed, Plaintiff
16   acknowledges that he "forewarned [Defendants] them of these claims since 6-7-17, and CDCR
17   602 # MCSP HC 17041394."  (ECF No. 42 at 8:18-20.)  Accordingly, by Plaintiff's own
18   admission, he was aware of his retaliation claims as of that date.  The limitations period is not
19   tolled by awaiting resolution of the prior action.

20        Lastly, Plaintiff contends that his claims against Voss related back to November 22, 2021-
21   the date the operate complaint was filed in this action.  (ECF No. 1.)  Plaintiff submits that he
22   mistakenly included previously dismissed Defendant Mushtag Ahmed in the original complaint.
23   (ECF No. 42 at 1:19-26.)  However, in screening the operative complaint, the Court found that
24   the complaint failed to include any factual allegations against Defendant Ahmed, and he was
25   dismissed from the action.  (ECF No. 6 at 9-12; ECF No. 10 at 2:18:3.)  There are no allegations
26   as to Dr. Ahmed that are similar to the allegations of Voss to provide a connection between the
27   two of them, and Plaintiff was clearly aware of Voss's identity at least as early as 2017 because
28   he named her in the referenced grievance.  Accordingly, there is no basis that Plaintiff's claim

against Voss should relate back to November 21, 2021, as Plaintiff's claim is clearly time-barred and amendment would be futile.

### 2. Defendant Conanan

As to Defendant Conanan, Plaintiff alleges that Dr. Conanan retaliated against him from April 2016 through August 2016, by failing to respond to his requests for records.  (ECF No. 38 at 6:20-7:18.)  Plaintiff alleges that he "forewarned them of these claims since 6-7-17, and CDCR 602 # MCSP HC 17051394."  (ECF No. 42 at 8:18-20.)  In the proffered complaint, Plaintiff alleges that he filed the grievance regarding Conanan's retaliation on August 16, 2016.  (ECF No. 38 at 7:9-13.)  Thus, by Plaintiff's own admission he was aware of his alleged retaliation claim against Conanan as late as June 7, 2017, and sooner as alleged in the lodged amended complaint.  As stated above, Plaintiff's administrative remedies were exhausted regarding that grievance on February 9, 2018.  (ECF No. 42 at 22.)  Given Plaintiff the benefit of a four year limitation period, Plaintiff had until February 9, 2022, to file his retaliation claim.  However, Plaintiff did not file the proffered complaint until July 5, 2023, nearly 17 months thereafter.

Plaintiff contends that his claims against Conanan related back to November 22, 2021-the date the operate complaint was filed in this action.  (ECF No. 1.)  There are no claims that Conanan retaliated against Plaintiff in the operative complaint.  In addition, based on Plaintiff's own allegations, arguments, and exhibits, Plaintiff should have been aware of his retaliation claim no later than June 7, 2017.  Plaintiff's contention that he was not aware of the allegations until the motion for summary judgment was filed in the prior action is contracted by Plaintiff's own allegations.  There are no allegations as to Dr. Ahmed that are similar to the allegations of Voss to provide a connection between the two of them, and Plaintiff was clearly aware of Voss's identity at least as early as 2017 because he named her in the referenced grievance.  Accordingly, there is no basis that Plaintiff's claim against Voss should relate back to November 21, 2021, as Plaintiff's claim is clearly time-barred and amendment would be futile.

Lastly, Plaintiff argues he is entitled to equitable estoppel because Conanan (and Voss) fraudulently denied him knowledge of his claim which delayed his deadline to file an amended complaint.  (ECF No. 42 at 6:9-14; 8:19-22.)  Plaintiff's retaliation claim rests on the failure to

9

provide medical claims out retaliation motive, Plaintiff does not allege what claim he discovered due to Plaintiff's unidentified fraud, and Plaintiff acknowledges that he aware of his inability to obtain the medical records no later than June 2017 (and prior per the amended complaint). Plaintiff cannot provide contradictory allegations that he was aware of the lack of records in 2017, but was not aware of "fraud" until 2019 during discovery in his prior action. (ECF No. 42 at 9:23-10:3.) Furthermore, Plaintiff is not proceeding on a falsification claim, but rather on a deliberate indifference claim. Because Plaintiff's alleged retaliation claim is untimely amendment would be futile and the request to add this claim should be denied.

### C. Futility-Failure to State a Claim

"Within the prison context, a viable claim of First Amendment retaliation entails five basic 21elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). Mere speculation that a defendant acted out of retaliation is not enough. See Wood v. Yordy, 753 F.3d 899, 904-05 (9th Cir. 2014) (affirming grant of summary judgment where no evidence that defendants knew about plaintiff's prior lawsuits, or that defendants' disparaging remarks were made in reference to prior lawsuit).

Here, Plaintiff alleges that Dr. Conanan "tactfully attempted to disqualify [his] prerequisite administrative CDCR 602" and that she did not provide his records despite multiple requests. (ECF No. 38 at 6:17-7:18.) However, Plaintiff does not alleges fact to support a plausible inference that Dr. Conanan is the custodian of records, has any control over his records or his CDCR 602s, or any other facts to support a basis for retaliation other than vague and conclusory allegations which are insufficient. Although Plaintiff contends that Dr. Conanan's behavior did not allow him to include records in his 602 grievance, there is no alleged legal right that Plaintiff must have medical records to file a grievance.

///

As to Voss, other than vague and conclusory allegations, Plaintiff fails to set forth facts that she, who appears to be staff that works with records in some capacity, has the authority or did transfer Plaintiff to another facility. Accordingly, Plaintiff fails to state cognizable retaliation claims and amendment should be denied.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion to amend the complaint be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 16, 2023**                                                                 
                                                    UNITED STATES MAGISTRATE JUDGE

11